UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States | * |
| | *   04cr050(RBW) |
| v. | * |
| | * |
| Douglas Cleveland | * |
| | * |

**Opposition to Government's Motion to Admit Evidence
Pursuant to Federal Rule of Evidence 404(b)**

The government seeks to introduce evidence concerning the following prior incidents:

1) The government seeks to introduce evidence that the defendant lied about the ownership of the vehicle when he claimed it was his mother's vehicle;

2) The facts and circumstances of F2961-03 pending in Superior Court relating to conduct occurring on May 22, 2003.

3) Facts and circumstances involving a 1992 conviction in P.G. Count, Maryland for Robbery with a Dangerous Weapon.

4) The facts and circumstances involving a conviction for possession of cocaine in Superior Court case number M3501-03.

The government has indicated that discovery concerning these prior incidents will be given to defense counsel very soon.

The defendant objects to the introduction of this evidence. The test for analyzing the admissibility of evidence of prior convictions and other "bad acts" is well established. See Huddleston v. United States 485 U.S. 681, 108 S.Ct.1496, 1499-1500 (1988). The threshold inquiry, imposed by Federal Rule of Evidence 404(b), "is whether the evidence is probative of a material issue other than character." 108 S.Ct. at 1499. "If offered for such a proper purpose, the evidence is subject to only the general strictures limiting admissibility", the most important of which being the requirement of Rule 403 that the probative value of the evidence not be "substantially outweighed" by its potential prejudice. Id. at 1500. This two-step analysis involving determination of a "proper" and relevant purpose under Rule 404(b) followed by a weighing of probity and prejudice under Rule 403 is firmly rooted in the law of this circuit. See United

States v. Manner, 887 F.2d 317, 321 (D.C. Cir. 1989), cert. denied ---U.S.---, 110 S.Ct. 879 (1990). The defendant submits that the alleged act of criminal conduct by the defendant would simply establish that the defendant is a bad person with a general propensity to commit criminal acts. A jury would conclude that mere repetition of crime by the defendant means the defendant is both a bad person and probably committed the charged acts because he committed criminal acts in the past.

The defendant would also submit that the proffers of this act do not meet the minimum threshold of admissibility and the government will be unable to prove that these offenses were committed. The defendant requests a pretrial hearing on the government's request.

WHEREFORE, based on the above the defendant would request that the government's request be denied.

Respectfully Submitted,

Paul D. Hunt
4614 Wissahican Ave.
Rockville, MD  20853
#447182
Phone:  301-565-0540

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing opposition was hand delivered this 15th day of March 2005 to:

Kate Connelly
Office of the United States Attorney
555 4th St., N.W.
Washington, DC  20530

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States | * |
| | *     04cr050(RBW) |
| v. | * |
| Douglas Cleveland | * |

**ORDER**

For the reasons contained in the defense opposition to the government's motion to admit 404(b) evidence, it is hereby;

ORDERED

1) That the government motion is DENIED.

_____
U.S. District Judge

Copies to:

Kate Connelly
Office of the United States Attorney
555 4th St., N.W.
Washington, DC  20530

Paul D. Hunt
4614 Wissahican Ave.
Rockville, MD  20853